# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

RONNEY MCQUEEN,

        Plaintiff,

-vs-

IRONDEQUOIT POLICE DEPARTMENT
OFFICER ROSICA,

        Defendant.

DECISION & ORDER

08-CV-6317-CJS

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Ronney McQueen *pro se* <br> Monroe County Jail <br> 130 South Plymouth Avenue <br> Rochester, NY 14614 |
| For Defendant: | Brian A. Birenbach, Esq. <br> Damon Morey LLP <br> 200 Delaware Avenue, Suite 1200 <br> Buffalo, NY 14202 |

## INTRODUCTION

**Siragusa, J.** This case is before the Court by Defendant's Notice of Removal. Defendant has moved (Docket No. 3) to dismiss the case because of lack of proper service on him, and because Plaintiff failed to properly file the original complaint in state court. For the reasons below, the application is granted.

## FACTUAL BACKGROUND

In his Notice of Removal, Defendant states the following:

1. On or after June 27, 2008, plaintiff, Ronney McQueen, delivered by ordinary mail suit papers by which he purportedly commenced an action

> against defendants in the Supreme Court for the State of New York, Monroe County, together with an application to proceed as a poor person and affidavit of service. Copies of plaintiff's summons and complaint, application to proceed as a poor person, and affidavit of service are attached hereto as Exhibits A, B, and C respectively.
>
> 2. The summons and complaint, and application to proceed as a poor person were received by defendants on or about July 1, 2008.
>
> 3. At paragraph 8 of plaintiff's complaint, he alleges "at all relevant times herein, defendants Irondequoit Police Department acted under color of state when Office Rosica of the Irondequoit Police Department deprived plaintiff of his constitutional right by assaulting him during an arrest where no misconduct took place as set forth more fully below."
>
> 4. The above described language indicates that this Court has original jurisdiction under the provisions of title 28 United States Code §1331.
>
> 5. This action is removable pursuant to 28 U.S.C §1441.
>
> 6. Attached as Exhibit D is an index of documents which were purported to have been filed in the Supreme Court for the State of New York in the County of Monroe.
>
> WHEREFORE, defendants, pray that the above action, which was purported to have been commenced against them in the Supreme Court for the County of Monroe, State of New York, be removed to the United States District Court for the Western District of New York.

(Notice of Removal, at 1–2.) Attached are a handwritten "Summons" with a blank space for the index number, and a handwritten complaint alleging that on March 28, 2008, Plaintiff was subject to racial profiling by Defendant, who approached the car in which Plaintiff and his girlfriend were sitting and which was parked in front of Plaintiff's residence. Plaintiff alleges that he entered his residence to obtain his identification to prove his identity in case it was requested by Defendant. What Plaintiff recounts next is an allegation of excessive police force and failure to treat a serious medical need by Defendant, who sprayed mace in Plaintiff's face after Plaintiff questioned Defendant's allegedly aggressive behavior. When arrested, Plaintiff contends that Defendant placed the handcuffs on him

so tightly, it caused swelling and cuts to Plaintiff's hands and wrists, and that the cuffs were left on Plaintiff for three hours.

Also attached to the Notice of Removal is an Affidavit of Service in which Plaintiff wrote, "On _____ 2008, I served the within Summons and Complaint upon the defendant(s) by certified mail No. _____ Return receipt requested at the following address: 130 S. Plymouth Ave., Rochester, New York 14614 said address bing the address designated by the Plaintiff for that purpose, by depositing a true copy of the within in a post paid properly addressed wrapped in an official depository [sic] under the exclusive care and custody of the United States Postal Service within the State of New York." The affidavit, complete with its blank lines not filled in, was sworn before a Notary Public on June 27, 2008, but does not appear to have been signed by Plaintiff.

## STANDARDS OF LAW

The Federal removal statute reads in pertinent part as follows:

§ 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending….

§ 1447. Procedure after removal generally

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any

> time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>
> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title [28 USCS § 1443] shall be reviewable by appeal or otherwise.
>
> (e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447 (1996). Congress amended the removal statute in response to case law that established the concept of derivitive jurisdiction, and § 1441(f) of the removal statute now reads, "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441 (2002); P.L. 99-336 Sec. 3(a) (1986).

> Under the "derivative jurisdiction" doctrine a case is not properly removable unless its within the jurisdiction of the state court from which it is removed. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3372. However, this doctrine only pertains to subject matter jurisdiction; a federal court can retain a removed case for new service if it determines that the state court lacked jurisdiction over the person of the defendant. *Id*.

*Harvey v. Price*, 603 F. Supp. 1205, 1207 (S.D. Ill. 1985).

The Federal Rules of Civil Procedure apply to civil lawsuits after they are removed from a state court. Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure 12(b) states in pertinent part: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction;…."

Federal Rule of Civil Procedure 4(e) states that service upon an individual may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State...." Fed. R. Civ. P. 4(e).

**ANALYSIS**

Defendant first argues that, since service of the State complaint was never properly made, the complaint must be dismissed. Defendant relies on *Kenna v. New York Mut. Underwriters*, 188 A.D.2d 586, 588 (N.Y. App. Div. 2d Dept. 1992), in which, "[t]he plaintiff admitted service by ordinary mail. Dismissal on this ground was therefore proper (*see*, CPLR 311; Business Corporation Law § 304-307; CPLR 3211[a][8]; 3212; *Zuckerman v City of New York*, 49 NY2d 557)."

The Court construes Defendant's motion as one made pursuant to Federal Rule of Civil Procedure 12(b)(2), since the Federal Rules of Civil Procedure apply to a removed action. *Mroz v. City of Tonawanda*, 999 F. Supp. 436, 449 (W.D.N.Y. 1998). Thus, the question is whether the lack of proper service of the initial complaint leaves this Court without personal jurisdiction over Defendant. "On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003). "Courts and commentators agree that merely by removing a case from state to federal court a party does not waive any of its defenses under Rule 12(b), including a motion to dismiss for improper service. *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir.1981); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1395 at 873." *Gay v. Carlson*, No. 89 Civ. 4757 (KMW), 1991 WL 190584, 5 (S.D.N.Y. Sept. 17,

1991); *see also* 17-111 MOORE'S FEDERAL PRACTICE - Civil § 111.36[b]. "In measuring sufficiency of process before removal, the court looks to standards established by state law. *Usatorres v. Marina Mercante Nicaraguenses, SA*, 768 F.2d 1285 (11th Cir. 1985)." *Gay*, 1991 WL 190584, 5.

Under New York law, personal service is required, and can be made on a natural person in a number of ways, but all involve a component of personal delivery to the defendant. N.Y. C.P.L.R. 308. Moreover, New York requires strict compliance with the statute. The New York Court of Appeals has held that, "Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court." *Macchia v. Russo*, 67 N.Y.2d 592, 594 (1986). Here, there is no proof that personal service was made on Defendant. Plaintiff has not responded to the subject motion, despite proof that it was served on him by mail[1] on July 21, 2008. (Docket No. 6.) Thus, it appears to the Court that proper service was never effected on Defendant, and that, accordingly, the Court lacks personal jurisdiction over Defendant.

A similar issue was decided by the Southern District of Texas in *Pliler v. Asiatic Petroleum Company (Texas), Ltd.*, 197 F. Supp. 212 (S.D. Texas 1961). After determining that the State court never had personal jurisdiction over one party, the district court held:

> When, after removal, it is found that the state court lacks either subject matter or personal jurisdiction, the proper procedure is to dismiss the case for lack of jurisdiction rather than remand. *Digby v. United States Fidelity & Guaranty Co.*, 5 Cir., 1957, 239 F.2d 569; *Block v. Block*, 7 Cir., 1952, 196 F.2d 930; *Caraway v. Ford Motor Co.*, D.C.W.D.Mo.1956, 144 F.Supp. 295.

*Pliler*, 197 F. Supp. at 217 (footnote omitted).

---

[1] Federal law permits service of motions by mail. Fed. R. Civ. P. 5(B)(2)(C).

In addition to lack of personal jurisdiction, Defendant contends that no case was ever filed in State court, citing to the lack of a civil docket number. His argument is:

> An action in New York State Supreme Court is commenced by obtaining an index number and filing a summons and complaint. CPLR 304. The New York rules of procedure provide that a prisoner seeking poor person status can obtain an index number without paying the filing fee. CPLR 1101. Nevertheless, it does not appear here that plaintiff obtained an index number and filed his summons and complaint, making this action a nullity. *Gershel v. Porr*, 89 N.Y.2d 327, 653 N.Y.2d 82 (1996); *see also Capizzi v. PRC Public Sector, Inc.*, 840 F.Supp 35 (S.D.N.Y. 1994).

(Def.'s Mem. of Law, at 2.) In *Gershel v. Porr*, 89 N.Y.2d 327 (1996), the New York Court of Appeals wrote:

> By withdrawing the order to show cause rather than obtaining from the court a new return date and date by which service would be made of the filed order to show cause and petition, petitioner made the decision to start anew. Along with this decision came the obligation again to comply fully with the statutory filing requirements, that is, to file the notice of petition and the petition, pay the filing fee, secure an index number, effect service, and file proof of service within the prescribed period. Since petitioner did not take these steps, the new proceeding was never properly commenced and the attempted service was a nullity *(see, Matter of Vetrone v Mackin*, 216 AD2d 839, 841 [filing of jurisdictionally defective notice of petition followed by service of corrected notice of petition is ineffective in absence of additional filing and payment of filing fee]).

*Id.* at 333. Here, by failing to properly file his complaint, obtain an index number, and, as described above. Plaintiff's State action was a nullity. "Indeed, service made without an index number is a nullity; the new regime thus ensures that no action can be commenced without paying the statutory filing fee." *Capizzi v. PRC Public Sector Inc.*, 840 F. Supp. 35, 36 (S.D.N.Y. 1994). Accordingly, there was never an action commenced in the New York courts.

Plaintiff's action is one over which this Court would have original jurisdiction pursuant to 42 U.S.C. § 1983 and the U.S. Constitution. Under 28 U.S.C. § 1406(a), the

Court could transfer this case if in doing so the transferee court could obtain personal jurisdiction over Defendants. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962) (transfer proper under § 1406(a) even if the transferring court lacks personal jurisdiction over the defendant). However, since Defendant is a resident of the Western District of New York and, in particular, the Rochester Division, where this Court sits, there is no other court to which the case could be transferred. Even though Plaintiff is proceeding *pro se*, he has had sufficient time to properly serve the complaint and was put on notice of the need to do so by Defendant's July 21, 2008, Notice of Motion, served on him at his last known address on the same day. His utter failure to do so, or to even answer the Notice of Motion, does not necessitate that the Court now permit time to serve the complaint before dismissing it. Further, remanding the case would do no good, since there never was an action started in New York State courts.

## CONCLUSION

For all of the reasons above, Defendant's motion (Docket No. 3) to dismiss for lack of personal jurisdiction is granted and the case is dismissed.

IT IS SO ORDERED.

Dated: July 20, 2010
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge